UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 17 - 54219 - CRM |
| HAROLD LEE ROSBACH, ) | |
| ) | |
| ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |

**MOTION OF THE UNITED STATES TRUSTEE PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER DIRECTING THE EXAMINATION OF MAURICE CLARENCE JEFFRIES**

COMES NOW Guy G. Gebhardt, Acting United States Trustee for Region 21, and requests the Court enter an order authorizing and directing an examination of Maurice Clarence Jeffries, pursuant to Federal Rule of Bankruptcy Procedure 2004 on or before April 19, 2017, or some other date and time as agreed upon by the parties. In support of this motion, the United States Trustee shows as follows.

**JURISDICTION**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of Title 11 of the United States Code, and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2.

On or about March 6, 2017, a voluntary petition under chapter 13 of the Bankruptcy Code was filed in the name of Harold Lee Rosbach [Docket No. 1].

3.

The United States Trustee believes that Mr. Rosbach did not authorize the bankruptcy filing and that the voluntary petition was completed, signed, and filed with the Court without Mr. Rosbach's knowledge or consent.

4.

The United States Trustee has reason to believe that the voluntary petition had been submitted for filing to the Clerk of Court by Maurice Clarence Jeffries.

5.

The United States Trustee considers it necessary and appropriate to investigate the circumstances surrounding the preparation and filing of the voluntary petition and therefore believes it is necessary to conduct an examination of Maurice Clarence Jeffries pursuant to Bankruptcy Rule 2004.

## ARGUMENT

6.

Fed. R. Bankr. P. 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the

administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of that examination is extremely broad. *See In re Texaco, Inc.,* 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)). Rule 2004 further permits the Court to order the production of documentary evidence relating to the property and financial condition of the debtor, or to any matter that may affect the administration of the debtor's estate. See Fed. R. Bankr. P 2004(c).

7.

"Good cause" is the standard employed to determine if cause exists to support an examination under Fed. R. Bankr. P. 2004. To obtain authority to conduct an examination, the movant must show "some reasonable basis to examine the material ... [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D.Ill.1989) (citing *In re Wilcher*, 56 B.R. 428, 434-35 (Bankr.N.D.Ill.1985) ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered")).

8.

"Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking the examination, or if denial of such request

would cause the examiner undue hardship or injustice." *See In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D.Tex.1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D.Ohio1992) (same); *In re Dinubilo*, 177 B.R. 932, 943 (E.D.Cal.1993). "However the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." *Wilcher*, 56 B.R. at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." Express One, 217 B.R. at 217. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond,* 140 B.R. at 201.

9.

Consistent with his authority under 11 U.S.C. § 307, the United States Trustee believes that it is necessary for him to conduct discovery in this matter to determine, inter alia, about the circumstances surrounding the filing of a potentially fraudulent petition. *See In re Countrywide Home Loans, Inc.,* 384 B.R. 373, 384 (Bankr.W.D.Pa. 2008) (holding that the United States Trustee has the statutory authority under section 307 of the Bankruptcy Code to conduct 2004 examinations). Additionally, discovery will enable the United States Trustee to determine the appropriate steps to take with respect to this matter.

10.

In this case, an examination of Mr. Jeffries is warranted to investigate the circumstances regarding the filing of the petition due to the fact that the United States Trustee believes that Mr. Jeffries is the individual who actually delivered the petition to the Clerk of Court for filing. Consequently, "cause" exists authorizing the issuance of a subpoena, to potentially compel document production under Fed. R. Bankr. P. 2004(c) and 9016, and moreover, for the issuance of an order directing Mr. Jeffries to appear for an examination under Fed.R.Bankr.P 2004.

11.

Based upon the foregoing reasons, the United States Trustee requests that the Court enter an order authorizing the United States Trustee to conduct an oral examination of Maurice Clarence Jeffries, pursuant to Bankruptcy Rule 2004.

WHEREFORE, the United States Trustee requests entry of an order directing Maurice Clarence Jeffries to appear for an oral examination at the office of the United States Trustee no later than Monday, April 19, 2017 at 10:00 a.m., or some other time agreed upon by the parties, and granting such other and further relief as the Court may deem just and proper.

GUY G. GEBHARDT
ACTING UNITED STATES TRUSTEE
REGION 21

*s/ David S. Weidenbaum*
DAVID S. WEIDENBAUM
GA Bar No. 745892

        United States Department of Justice
        Office of the United States Trustee
        362 Richard B. Russell Building
        75 Ted Turner Drive, S.W.
        Atlanta, Georgia  30303
        (404)-331-4437
        david.s.weidenbaum@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 14, 2017, I served a copy of this motion by electronic mail, to ensure delivery to the following:

Julie M. Anania
Attorney for the Chapter 13 Trustee
janania@njwtrustee.com


I certify that on March 14, 2017, I served a copy of this motion by first class mail, to ensure delivery to the following:

Maurice Clarence Jeffries
246 Crystalaire Court
Alpharetta, GA 30004-4377


        /s/ *David S. Weidenbaum*
        DAVID S. WEIDENBAUM